COMMON COUNCIL OF THE BOROUGH OF HIGHTSTOWN, APPELLANT, v. HEDY'S BAR (A CORPORATION), T/A HEDY'S BAR, AND THE STATE OF NEW JERSEY, DEPARTMENT OF LAW & PUBLIC SAFETY, DIVISION OF ALCOHOLIC BEVERAGE CONTROL, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 15, 1965—Decided February 18, 1965.

Before Judges GOLDMANN, SULLIVAN and LABRECQUE.

*Mr. Timothy J. Kelty* argued the cause for appellant (*Messrs. Turp, Coates & Essl,* attorneys).

*Mr. Thomas C. Jamieson, Jr.* argued the cause for respondent Hedy's Bar (*Messrs. Jamieson, Walsh & McCardell,* attorneys).

*Mr. Samuel B. Helfand,* Deputy Attorney General, argued the cause for respondent Division of Alcoholic Beverage Control (*Mr. Arthur J. Sills,* Attorney General, attorney).

GOLDMANN, S. J. A. D. The Common Council of the Borough of Hightstown appeals from a decision of the Director of the Division of Alcoholic Beverage Control, Department of Law and Public Safety, who, after a full hearing, reversed its denial of the application of Hedy's Bar for a place-to-place transfer of its license, and directed that body to grant the requested transfer. We affirm.

The standards of review controlling the Director and the court on appeal are set out in *Borough of Fanwood v. Rocco,* 33 *N. J.* 404 (1960), affirming 59 *N. J. Super.* 306

(*App. Div.* 1960). The court there pointed out that under New Jersey's system of liquor control the municipality has the original power to pass on an application for an alcoholic beverage license or the transfer thereof. However, its action is subject to appeal to the Director of the Alcoholic Beverage Control Division. On such appeal the Director conducts a *de novo* hearing and makes the necessary factual and legal determinations on the record before him.

"* * * Under his settled practice, the Director abides by the municipality's grant or denial of the application so long as its exercise of judgment and discretion was reasonable. * * * However, where the municipal action was unreasonable * * * or improperly grounded * * * the Director will grant such relief or take such action as is appropriate. * * * On judicial review, the court will generally accept the Director's factual findings * * * and not interfere with his action so long as it was not unreasonable or illegally grounded. * * *" (Citations omitted; at *pages* 414–415)

The Director cited *Fanwood* in his conclusions and, with its principles as a guide, addressed himself to the question of whether the Hightstown governing body had abused discretion in denying the transfer for any of its 13 stated reasons. To that end, he reviewed in detail the undisputed facts and the testimony, and made factual findings with respect to each reason advanced by the common council. He found them not supported by the record, or clearly shown to be untrue, or an obvious mistake in or misstatement of the law.

"The question in every case is whether a reasonable man, acting reasonably, could have reached the administrative agency decision under review, from the evidence found in the entire record, including the inferences to be drawn therefrom." *Cooley's, etc., Foundation for Children, Inc. v. Legalized Games, etc., Comm'n*, 78 *N. J. Super.* 128, 140 (*App. Div.* 1963), certification denied 40 *N. J.* 212 (1963). In light of our own review of the entire record, we find that the Director's action was reasonable and legally grounded. *Atkinson v. Parsekian*, 37 *N. J.* 143, 149 (1962) ; *Fanwood v. Rocco*, above.

■ Above and beyond the analysis and reasoning of the Director which led him to reverse the municipality's denial of a place-to-place transfer, we find compelling positive reasons to support his conclusion that the transfer should have been granted. This is not a case where the licensee voluntarily seeks to move to a more advantageous business location. The fact is that Hedy's Bar was forced to relocate by a public agency, the Hightstown Housing Authority, which took possession of the premises on August 1, 1963, when the tavern was obliged to cease operations. The owners had invested their entire assets, $35,000, in the business, and if they are unable to move, their investment is lost. They made an exhaustive investigation in an effort to find a site which would comply with the rigid distance regulations of the borough. They finally located one in an industrial zone of the borough, sufficiently distant from residences, churches, schools and other licensed premises to meet the local requirements. The new site is at the very edge of the municipality, better situated, from the public interest point of view, than the former location, which adjoined a residential area and was on a pedestrian thoroughfare. The proposed location is the only site in the entire borough to which the license can be transferred and still be in compliance with the applicable license ordinance. Finally, it is not disputed that the owners of Hedy's Bar were issued a valid building permit for a structure at the new site. This building, of modern brick and glass design, represents a construction cost of $30,000, exclusive of land value. The area is currently zoned for industry, but commercial uses were allowed at the time the building permit was issued and when the Hightstown governing body held its first hearing.

■ It was the Director's considered opinion that the transfer was denied in order to reduce the number of licenses in the community, and he so found. That conclusion was justified, not only by the inference which could reasonably be drawn from the testimony, but from the testimony actually given.

In *Township Committee of Lakewood Township v. Brandl*, 38 *N. J. Super.* 462 (*App. Div.* 1955), the court, in dealing with a similar situation, said:

"* * * An owner of a license or privilege acquires through his investment therein, an interest which is entitled to some measure of protection in connection with a transfer." (at *page* 466)

In *Fanwood v. Rocco*, above, this court, in commenting upon the application of the *Lakewood* case to the factual situation there under review, interpreted the quoted text to mean that "there are equities in favor of a holder of a license, which an applicant for a new license cannot claim, which should be considered together with all the other factors in the case." 59 *N. J. Super.*, at *page* 322. The undisputed facts, testimony and law referred to by the Director aside, it is quite evident that the borough council did not concern itself with the equities of the present case.

The decision of the Director is accordingly affirmed.